

Edward A. Keane*
Cornelius A. Mahoney•
Garth S. Wolfson•

Jorge A. Rodriguez•+

Of Counsel
Stephen J. Murray+

*Also admitted in NJ
+Also admitted in CT

# MAHONEY & KEANE, LLP
*Attorneys at Law*
*11 Hanover Square - 10th Floor*
*New York, New York 10005*
*Telephone (212) 385-1422*
*Facsimile (212) 385-1605*
*lawoffices@mahoneykeane.com*

Connecticut Office

14 Pilgrim Lane
Weston, CT 06883
Tel: (203) 222-1019
Fax: (203)222-0252

October 29, 2009

**BY HAND**

Hon. Alvin K. Hellerstein
United States District Judge
United States District Court
500 Pearl Street, Chambers 1050
New York, New York 10007

Re: **Case No. 09 Civ. 08062 (AKH)**
Luxford Int'l, Inc., *et al.* v.
Duck Maritime Corp. a/k/a Duck
Maritime S.A. and Interagroexport,
Ltd.
**Our File No. 12/3930**

Honorable Sir,

    We represent the defendants in the above-referenced action and write in response to the plaintiff's fax to the Court of yesterday evening. We object to any further extension of time and request that the attachment be vacated.

    As for the unusual and, we submit, dubious procedural history of this attachment, the Court is respectfully referred to our prior motion papers, which we hope would go a long way toward explaining why defendants are long past entertaining further requests to stall the vital release of these funds.

    At oral argument on October 16, 2009, plaintiff's counsel sought time to submit briefing on the application of *Jaldhi*, and Your Honor, while indicating that the Court was likely to vacate the attachment, allowed plaintiff until tomorrow. Plaintiff now claims the need for information from the bank, but plaintiff bears the burden of coming forward with information sufficient

**MAHONEY and KEANE**

to justify the attachment. It was not until late yesterday that a subpoena was prepared, and the need for such discovery can not support the continued attachment of defendants' property. *See, generally, Unitas Finance Ltd. v. Di Gregorio Navegacao, Ltda*, No. 99:1233, 2000 A.M.C. 1118, 1123 (D.N.J. Nov. 8, 1999) ("It is untenable to suggest that this Court should continue the attachment so plaintiffs can endeavor to meet their threshold obligation.").

We add that, even if plaintiff were able to show that BNP Paribas put the restrained eft funds in some other account, as plaintiff's counsel speculates, such arguments do not appear to be convincing the judges here. By way of example, a true copy of the Memo-Endorsed Order in *Amarante Shipping Pte Ltd. v. Kothari Prod's Ltd.*, No. 09 Civ. 7841 (PKC), is attached as Exhibit A.

Moreover, the Judicial Improvements Committee has recommended 21 day extensions only "where counsel submits a letter stating that it is subject to such a conflict" of interest, as a result of representing both plaintiffs and defendants in Rule B actions after *Jaldhi*. A true copy of Judge Scheindlin's letter in this regard is attached as Exhibit B. Plaintiff's counsel here merely adroitly states he is "addressing the issue" and "considering the position to determine whether any such conflict exists." No conflict has been declared.

Finally, we attach as Exhibit C a true copy of a declaration from plaintiff's counsel submitted earlier this week urging that *Jaldhi* should be applied to vacate prior attachments. We have no interest in involving ourselves in other lawyers' ethical choices. Indeed, we, for one (and we believe a great many other maritime attorneys, as well), do not believe a true conflict of interest has arisen in these cases, and believe the fact that plaintiff's counsel may have taken an arguably inconsistent position in other cases should have no bearing on the Court's assessment of the merits. However, we do believe it is inappropriate to exploit the issue only to buy time for unrelated reasons. The fact that plaintiff's counsel has acted already on one side or the other on other Rule B matters both before and since *Jaldhi* belies any contention about positional conflict considerations here. The actions taken by plaintiff's counsel since *Jaldhi* are irreconcilable with any true declaration of even a potential conflict.

**MAHONEY and KEANE**

    We thank the Court for its consideration.

                              Respectfully submitted

                              MAHONEY & KEANE LLP

                By: _____
                      Garth S. Wolfson

cc (via e-mail): Plaintiff's Counsel

MAHONEY and KEANE